MARCUS, Justice
(dissenting).
La.R.S. 51:1944(D) provides:
If a manufacturer has established an informal dispute settlement procedure which substantially complies with the provisions of Title 16, Code of Federal Regulations, Part 703, as from time to time amended, the provisions of Subsections A, B and C of this Section concerning refunds or replacement shall not apply to any consumer who has not first resorted to such procedure.
By its own terms, this statute implicitly embodies the provisions of Title 16, Part 703 of the Code of Federal Regulations and § 703.8(b) applies in this case:
Except as provided under paragraphs (a) and (e) of this section, and paragraph (c) of § 703.7 of this part, all records of the Mechanism may be kept confidential, or made available only on such terms and conditions, or in such form, as the Mechanism shall permit.
Under § 703.8, the Mechanism itself is allowed control access to its files. The Ford Consumer Appeals Board defined the terms and conditions of availability:
FCAB case files are confidential Company documents that should not be released to most outside sources. However, copies of all documents in an FCAB file must be provided to any of the parties involved in the case who request them. Furthermore, an independent auditing firm contract by Ford Motor Company and, in Kentucky, the State Attorney General’s Office will be allowed access to the case files for the purpose of annual audits.
Ford complied with this provision and provided plaintiffs with all documents generated by their action before the Ford Consumer Appeals Board. Ford also supplied the vehicle’s repair orders, recall information and applicable technical service bulletins. As a result, I find Ford has supplied all the information plaintiffs were legally entitled to obtain.[1]
*1221 Further, even in the absence of § 703.8,1 consider plaintiffs interrogatories to constitute an undue burden on Ford. La.Code Civ.P. art. 1426. There is no evidence that plaintiffs redhibition suit was of such complexity as to require the detailed and voluminous information requested in their interrogatories. Accordingly, I respectfully dissent.

. Under §§ 703.6-7, Ford is required to maintain certain records and to make these records available for annual audit. A report of the *1221 audit is submitted to the Federal Trade Commission and "shall be available to any person at reasonable cost.” Under § 703.7(c), Ford "may direct its auditor to delete names of parties to the dispute and identity of products involved, from the audit report." There is no evidence that Ford did not make use of the restriction in § 703.7(c). However, even if Ford did not use the § 703.7(c) restriction, the information supplied for the purpose of the audit report is very different from the detailed information plaintiffs requested.